PER CURIAM.
The appellant and the appellee were defendants in an action in contract wherein a judgment was rendered against them for $8,000 principal and $1,020.64 interest. The appellee produced the money to pay the judgment and then sued the appellant and obtained judgment against him for contribution. The appeal was taken from the latter judgment.
The appellant Bernard Epstein and the appellee Howard Drusin, together with Milton Epstein, owned the stock of a corporation, Dillard Homes, Inc., which held title to 69 lots intended for speculative building of homes and sale thereof. In June of 1963, Drusin and Bernard Epstein purchased the interest held therein by Milton Epstein, by a written agreement which called for payment to Milton by Drusin and Bernard of “the sum of Twenty Thousand Dollars ($20,000.00) cash, in addition to which they shall pay to the Party of the First Part the sum of Eight Thousand Dollars ($8,000) for the sixty-nine (69) lots in equal payments as the said lots are sold and title is passed, the lot price being Jesith of $8,000 for each lot, but, in any event, the parties of the Second Part shall pay the full $8,000.00 within three (3) years from the date of purchase under this Agreement.”
In December of 1963 Bernard Epstein sold his stock interest to Drusin. In that transaction no provision was made with reference to the above outlined $8,000 obligation owed by Drusin and Bernard Epstein to Milton Epstein (payable on resale of the lots, or in any event within three years from June of 1963).
In connection with the sale by Bernard Epstein of his interest to Drusin, provision was made in a letter for Bernard to be obligated for his share of “any undisclosed or unknown liabilities” which should arise within six months after the sale.
At the time of the two sales of stock interest referred to above the building business of the corporation was inactive and construction of houses had not been commenced. After the second stock sale, from Bernard Epstein to Drusin, the business of the corporation became active. The 69 lots were built upon and the improved properties were sold.
Thereafter, and more than three years after having sold his stock interest to Bernard Epstein and Drusin, Milton Epstein filed an action against them in the Circuit Court of Broward County to recover the additional $8,000 payable to him under the contract entered into upon sale of his stock to them. Judgment was entered thereon in favor of Milton Epstein against Bernard Epstein and Drusin for the $8,000, plus $1,020.64 interest and certain costs.
The judgment was paid in the following manner. Drusin personally borrowed from his father the amount necessary to discharge the judgment. He delivered the money to the corporation, Dillard Homes, Inc., which in turn applied it in payment of *481 the judgment, whereupon the judgment was satisfied.
Thereafter this suit was filed by Drusin against Bernard Epstein for contribution, and resulted in a judgment against Bernard Epstein for $4,678.07, representing one half of the amount paid to discharge the Milton Epstein judgment, with interest thereon from October 24, 1967, the date upon which the judgment was paid.
The appellant contends the application of the doctrine of contribution in this instance was contrary to law. We find his arguments in support thereof to be unsound. As between Milton Epstein and the parties to this suit, the latter were obligated to him on his contract with them, regardless of any transaction which might have taken place between Drusin and Bernard Epstein subsequent to their purchase of Milton Epstein’s interest. Therefore, the judgment rendered in Broward County in favor of Milton against Drusin and Bernard was a proper enforcement of his contract.
The question in the present case is whether on the subsequent sale by Bernard of his interest in the corporation to Dru-sin, the latter should be considered to have assumed Bernard’s share of the obligation for the additional $8,000 which was owed by the two of them to Milton. The trial court answered that question in the negative, and we see no reason to disturb that ruling. In the transaction involving the sale by Bernard Epstein of his interest in the corporation to Drusin, it does not appear that the parties made any provision relating to the $8,000 obligation to Milton Epstein. The undertaking of Bernard, by the letter above referred to, recognizing obligation for his share of “any undisclosed or unknown liabilities arising within six months” (after his sale to Drusin) would not include the $8,000 obligation in question which was previously determined and known. It does not follow, however, that because his letter did not expressly refer to his obligation for the $8,000 due to Milton Epstein it should be construed to operate to relieve him of that obligation.
The obligation of Bernard Epstein and Drusin to Milton Epstein for payment of the additional $8,000 was unconditional, in that the contract required its payment within three years, or sooner in the event of sale of the properties. The record fails to show any agreement between Bernard Epstein and Drusin, in connection with the sale of the former’s stock interest in the latter, or otherwise, for assumption by Drusin of Bernard Epstein’s liability for that payment.
Affirmed.